Tucker, P.
This case is somewhat perplexed, owing to the awkward manner in which it has been conducted.
The original bill ought never to have been entertained, as it alleged a gross combination between the plaintiff and defendant to deceive others. But the allegation was denied by the defendant, and was not proved, and, the case being submitted to arbitration, was substantially disaffirmed by an award that the injunction should be dissolved. This, then, settled and put an end to the matters of contest in the first bill.
On the return of the award, a dissolution being moved for, and there being, at the same time, a motion for leave to file a supplemental bill, the first motion was overruled, and the second granted. The supplemental bill alleged, that one Given the executor of Dinwiddie had assumed to bo entitled to the judgment at law as assignee of Sharrot, and had given notice to him to attend the arbitration, which h<^ designed to do. His apology for not attending and not proved; so that that matter is out of the further alleged, however, that between the agreem* fer and the arbitration, he had, without knowled. assignment to Dinwiddie, paid off the amount maud to Sharrot himself; and he produced hii This receipt, he says, he designed to produce before bitrators, had he reached them before their award. He admitted his belief, that Sharrot had at one time assigned to Dinwiddie, but he alleged that Dinwiddids claim was afterwards relinquished; which allegation is denied, and not proved; so that, as between these parties, the assignment *380 must be presumed. Of this assignment Lockridge said he ,, . , .. 7ai t had no notice; and no notice is proved. As the case stands, then, it in effect presents these questions only, as far as Lock-ridge and Dinwiddiés executor are concerned: 1st, Can Lockridge now make this defence, as he failed to make it before the arbitrators ? And I think he can, since the receipt, being posteriora to the reference, and not in issue, formed no part of the matter referred. 2nd, Has Lockridge in fact paid the money, or (which is equivalent) is this receipt genuine ? This was the question fairly between these parties; and Lockridge having failed to prove the receipt, the injunction was properly dissolved, and the bills properly dismissed; that is to say, the original bill was properly dismissed, as to Sharrot, and the supplemental bill, as to Given the executor of Dinwiddie. But the cause not having been brought to hearing upon the supplemental bill as to Sharrot, I do not think it was right to pronounce a decree, which'closed forever Lockridgés right of reclamation from Sharrot, if, in the same cause, or in any future contest, he should be able to prove the genuineness of the receipt. For, though Lockridge had no right to a continuance as against Given, who was before the court, who had filed his answer, and had been long delayed, yet as to Sharrot, who was not before the court, who was the party to the receipt, and whose conscience Lockridge had a right to .appeal to, he had a right, either that the cause should be continued as to him (Key v. Hord, 4 Munf. 485.) or that the bill should, as to him, have been dismissed without prejudice. Which of these courses was most proper? The latter, assuredly. For Sharrot, being out of the state, and not appearing to have property within it, there was nothing upon which the decree of the court could properly have acted. Therefore, it was not amiss, under the circumstances, to dismiss the bill; but it should have been dismissed without prejudice; for if Lock-ridge should now be compelled to pay the amount of the judgment at law to Given, he would have a right of reclamation for the money paid to Sharrot as evidenced by the receipt.
*381 Must we, then, reverse for this cause, and throw the costs unjustly upon Given ? I think not. We have authority for affirming the decree with costs, and yet modifying it by a provision that it shall be without prejudice. Scott v. Baskerville, and Ellis v. Baird, 6 Munf. 20. 456. The court is, therefore, of opinion, that the decree be affirmed, but this affirmance to be without prejudice to any suit or action at law or in equity, on the part of Lockridge, to recover back from Sharrot, the amount alleged to have been paid by him, and to be evidenced by the receipt.
Decree affirmed, without prejudice &c.